UNITED STATES DISTRICT COURT FOR
THE CENTRAL DISTRICT OF ILLINOIS

E-FILED
Friday, 20 September, 2024  08:30:24 AM
Clerk, U.S. District Court, ILCD

FILED

SEP 1 9 2024

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ELIZABETH E. OLINGER
Plaintiff

v.

UNITED STATES OF AMERICA
FEDERAL BUREAU OF PRISONS,
WARDEN OF FPC PEKIN,
P.A. DANIELLE SMITH OF FPC PEKIN,
Defendants

MOTION SECTION 1983
COMPLAINT

## I. INTRODUCTION

Petitioner's Petition pursuant to Title 42, United States Code Section 1983, I am challenging the conditions of my confinement due to medical negligence and deliberate indifference.

## II. FACTS

I cannot get the medical treatment I desperately require. I am an Adult in Custody (AIC) currently at FPC Pekin. I was diagnosed with diabetes in August of 2019. The medical staff prescribed me 500 mg of Metformin to be taken two times per day, but they never provided me with a way to test my blood sugar level regularly, as is required for someone with diabetes. It wasn't until twelve months later, in August of 2020, that the medical staff did bloodwork on me again. It is proper medical protocol with a diabetic on metformin and that is not insulin dependent, to test the blood sugar level at least once per day. If a diabetic is insulin dependent, the protocol is to test three times per day. In state prisons, the protocol is followed - but they do not follow this protocol at all in federal prisons or camps. No daily or even weekly testing is allowed.

The lab work done on me from August 2020 showed my blood sugar level was still way too high, so the medical staff changed my metformin dose to 1000 mg, two times per day, and additionally started giving me three units of long acting insulin daily. I was still not allowed, even at this point, to check my blood sugar levels by the medical staff.

Six months later, the medical staff ordered bloodwork and found my blood sugar levels were still high and remained unchecked. They decided to add a short acting insulin to my daily routine, increased my long acting insulin dosage, but maintained the dose of 1000 mg of Metformin, two times per day. I was still not allowed to check my blood sugar levels. The medical staff were treating me blindly without even verifying where my levels were. This is very dangerous. After another six months passed, bloodwork was again done and my blood sugar level was still too high. I had been living with high blood sugar levels for two years at this point, without properly being monitored at least once a day. The medical staff then added 5 mg of Glipizide to my daily routine. Again, I was not allowed to check my blood sugar on a regular basis.

Shortly after this, as I was going up to the medical office to get my insulin shot, I was not feeling well. The nurse then tested my blood sugar level and discovered that I was dangerously low. She called the doctor on staff at that time, and he abruptly took me off all of the insulin and medication for my diabetes - except for the 1000 mg of metformin two times per day. This is reckless to stop insulin so abruptly and is medically negligent.

Outside of jail or prison, a diabetic tests themselves before every meal and before going to bed. Bloodwork in a lab is done every two months and you see the endocrinologist every two months. Everything is monitored very closely. I just had my bloodwork taken a couple of months ago but I still do not have the results. It is now 9/16/24. I have been asking for it to be done for months. I now have neuropathy in my legs and feet. I have hypertension and other medical conditions that the medical staff here have never checked me for. The other medications I take are:
50 mg losartin, 40 mg atorvastatin, and 1.25 mcg levothyroxine

We used to have a physician here at FPC Pekin, but he has since left and is on home confinement. He was replaced by P.A. Danielle Smith. I have never been consulted with or been able to meet with her and I have never received any Chronic Care here. Constant high blood glucose levels, left unmonitored and not properly treated, will cause kidney disease, heart disease, and eye disease. The staff here are medically negligent and exhibit deliberate indifference to my health needs and well being, and it is causing me long term harm.

FPC Pekin's history of caring for people with serious medical conditions is not a good one. This camp has seen over four deaths since 2019, and they are known for hiding the truth. The staff here are fully aware of my health issues and medical needs, and they are willfully and deliberately delaying and denying me care, causing me great physical and mental harm.

I respectfully argue that this District Court does "have original jurisdiction of all civil actions rising under the Constitution, laws, or treaties of the United States." 28 U.S.C. Section 1331.

Section 1983 basically seeks to (1) deter state actors from using badge of their authority to deprive individuals of their federally guaranteed rights, and (2) provide related relief. It was designed to protect individuals against misuse of power made possible only because wrongdoer is clothed with authority of state law. Since the state has created a custodial or other special relationship with a particular class of individuals, courts have recognized that the state may have a constitutionally recognized "affirmative duty" to provide certain "elementary protective services." Jackson, 738 F.2d at 1446-47. Prison inmates represent one such class. In Estelle v. Gamble, 429 U.S. 97, 104-06, 50 L Ed. 2d 251, 97 S. Ct. 285 (1976), the Supreme Court recognized a constitutional duty on the part of the state not to be deliberately indifferent to the medical needs of its prison inmates. Although this Eighth Amendment duty has been phrased negatively by the Supreme Court, we have stated that the state has an affirmative obligation "to provide persons in its custody with a medical care system that meets minimal standards of adequacy." Wellman v. Faulkner, 715 F.2d 269, 271 (7th Cir. 1983).

The courts have said that deliberate indifference requires a showing of more than mere or gross negligence, but less than purposeful infliction of harm. Perkins v. Lawson, 312 F .3d 872, 875 (7th Cir. 2002); Proffitt v. Ridgway, 279 F.3d 503, 506 (7th Cir. 2002) (explaining that deliberate indifference to prisoner's safety implies avoidance of KNOWN risk, not merely foreseeable risk). "A detainee establishes a Section 1983 claim by demonstrating that the defendants were aware of a substantial risk of serious injury to the detainee but nevertheless failed to take appropriate steps to protect him from a known danger." Payne for Hicks v. Churchich, 161 F.3d 1030, 1041 (7th Cir. 1998). Although this is a "high hurdle for a plaintiff," Peate v McCann, 294 F.3d 879, 882 (7th Cir. 2002), one "need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." Farmer, 511 U.S. at 842.

In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, the United States Supreme Court established a cause of action under the United States Constitution against federal officials in their individual capacities for the violation of federal constitutional rights. The Unites States Supreme Court has specifically allowed Bivens claims to be brought against federal prison officials based on an allegation of deliberate indifference to a serious medical need. In order to establish an Eighth Amendment medical claim, the plaintiff must show "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need," Natale v. Camden Cty. Correctional Facility, 318 F .3d 575, 582 (3rd Cir. 2003). In Monmouth County Correctional Institutional Inmates v̌. Lanzaro, "a serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that a layperson would recognize the need for a doctor's attention," and "if unnecessary and wanton affliction of pain results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the Eighth Amendment." In Rouse v. Plantier, 182 F .3d 192, 197 (3rd Cir. 1999), the Judge contended "that the BOP's systematic failure to constitutionally adequate level of care reflected a deliberate indifference to the inmate's medical needs."

In my circumstances, the two prong evaluation for an Eighth Amendment claim meets both the objective inquiry and the subjective inquiry. The objective inquiry is met in Farmer v. Brennan, 511 U.S. 825, 834, 114 S Ct. 1970, 128 L. Ed. 2d 811 (1994), where it states "alleged deprivation is 'sufficiently serious' that the action or inaction of a prison employee leads to the denial of the minimal civilized measure of life's necessities." I have been told that I will not be allowed to have the CT scan that I need to have within the next two weeks until after January 15, 2025 - four months from now. This is unacceptable. I have a history of ovarian cancer, I am in a great deal of constant pain, and waiting to see the doctor four months from now endangers my health and my life. This type of cancer grows rapidly and is very aggressive. I DO NOT WANT TO DIE.

The subjective inquiry is met in Farmer v. Brennan, 511 U.S. 825, 834, 114 S Ct. 1970, 128 L Ed. 2d 811 (1994), where it states that "a prison official may be held liable for denying to a prisoner humane conditions of confinement, under the rule that an official's 'deliberate indifference' to a substantial risk of serious harm to a prisoner violates the Eighth Amendment, only if the

official is subjectively aware that the prisoner faces such a risk and disregards that risk by failing to take reasonable measures to abate the risk" and "prison conditions could constitute cruel and unusual punishment without any officials' improper subjective motivations." In Board v. Farnham, 394 F .3d 469, 478 (7th Cir. 2005), it states that "inhumane and inadequate conditions that existed during confinement infringed on constitutional rights." Furthermore, deliberate indifference is properly alleged "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." Rouse v. Plantier, 182 F .3d 192, 197 (3rd Cir. 1999).  My medical issue is of an urgent nature and I need to be examined and treated quickly due to my history of cancer. My life is in danger. The BOP staff here have already been shown to have neglected two women suffering from cancer and both women died to to medical negligence and deliberate indifference to their urgent needs.

28 C.F.R. Section 542.10, "provides inmates with the ability to seek formal review of an allegation of inadequate medical care," and 42 U.S.C. Section 1983, states that "every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State of Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action of law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."

Quincy West v. Samuel Atkins, (1988) 487 US 42, 101 L Ed 2d 40, 108 SCT 2250, states "a physician who is employed by the BOP is acting 'under the color of state law.' " I am alleging a denial of my rights, under the Federal Constitution's Eighth Amendment, to be free from cruel and unusual punishment. "(1) A physician who provides medical services to inmates acts 'under color of state law.' within the meaning of 42 U.S.C. Section 1983, when an inmate is treated; and (2) that defendants are not removed from purview of Section 1983 simply because they are professionals acting in accordance with professional discretion and judgment. A physician who acts on behalf of the state to provide needed medical attention to a person who is involuntarily in custody and cannot otherwise obtain such care, and who causes physical harm to such a person by deliberate indifference, deprives that person of liberty without due process in violation of the Federal Constitution's Fourteenth Amendment."

Exhaustion of Remedies is also futile in my case. I have not been able to file my administrative remedies as required because of futility, based on the following facts: the administrative staff refuse to accept electronic cop-outs, requesting paper cop-outs only, which are then thrown away. They are restricting us by only allowing us to obtain one BP-8, per inmate,

per week - which then must be turned in no earlier than the following week, thus delaying the process even further because they will not allow you to then have a BP-9 form until the week after that. The reason given for this restriction by the administrative staff is that "they do not have the time to process our administrative remedies with LOPER overturning Chevron." Further effort on trying to file the remedies is fruitless and it would take 120 days or more just to go through the four step procedure to address a single claim. In Woodley v. Warden, USP Leavenworth, 24-3053-JWL, (United States District Court, District of Kansas, May 15, 2024), the judge stated that "Petitioner is correct that [a] narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile."

IV. RELIEF REQUESTED

I respectfully request that the Court grant me immediate release to home confinement for the remainder of my sentence so that I may pursue the proper medical care that I need in my own community. I am also requesting the sum of $350,000 to cover the medical costs, cost of living, and other needs that have resulted from the BOP's deliberate indifference to my serious and ongoing health issues. The medical negligence that I have suffered has resulted in a serious decline in my health and is a violation of my Constitutional rights.

VERIFICATION:

I have read the foregoing petition and hereby verify that the matters are true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Pekin, Illinois on this _____16th_____ day of September, 2024.

_____Elizabeth Eileen Olinger_____
Elizabeth E. Olinger, Reg #
FPC Pekin
PO Box 5000
Pekin, IL 61555-5000

⇔13996-029⇔
Elizabeth Olinger
PO BOX .5000
Federal Prison Camp
Pekin, IL 61555
United States

PEORIA IL 616

17 SEP 2024 PM 2 T

⇔13996-029⇔
Us District Court
Central Dist of Illinois
600 E Monroe ST
Room 151
Springfield, IL 62701
United States

62701$1660