FILED E-FILED
Thursday, 26 June, 2025 02:21:32 PM
Clerk, U.S. District Court, ILCD

MAY 1 2 2025

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

United States District Court, Central District of Illinois - Peoria Division
Case No: 1:24-cv-1337-SEM-EIL
Elizabeth E. Olinger, Plaintiff, v. Federal Bureau of Prisons, et al., Defendants.
AMENDED COMPLAINT

## I. INTRODUCTION

Pro se plaintiff, Elizabeth E. Olinger ("Plaintiff"), a federal inmate incarcerated at the federal minimum security camp located in Pekin, Illinois, hereby files this Amended Complaint as per the Merit Review Order issued on May 1, 2025 in the above referenced case. Plaintiff is filing this amendment in attempt to fix the deficiencies in her original complaint.

Plaintiff is not a lawyer, nor has she had any formal education past a high school equivalency. Therefore, she is respectfully asking of this Honorable Court to excuse the prior attempt at adjudicating her proposed medical negligence case. She specifically wants to amend her original complaint to do the following: (1) Substitute all defendants named with a new defendant, Nurse J. Frank ("Defendant"); and (2) Amend her requested remedy for relief to be compensatory damages in the amount of $150,000 for the violations of her constitutional rights.

## II. LEGAL ANALYSIS

Plaintiff seeks to bring a claim for deliberate indifference to a serious medical condition against Defendant Nurse Frank and requests relief in the form of compensatory damages. In order to state an Eighth Amendment claim, Plaintiff must allege that she suffered an objectively serious medical need and that Defendant was deliberately indifferent to that need and caused or participated in the constitutional deprivation.

As stated in Hernandez v. Mesa, 137 S. Ct. 2003, 2006, 198 L. Ed. 2d 625 (2017), "Bivens...recognized for the first time an implied right of action for damages against federal officers alleged to have violated a citizen's constitutional rights." (internal quotation marks omitted). In Ziglar v. Abbasi, the Supreme Court explained that it applied Bivens in only three constitutional contexts: (1) Fourth Amendment unreasonable searches and seizures, (2) First Amendment gender discrimination, and (3) Eighth Amendment deliberate indifference to medical needs. 137 S. Ct. 1843, 1855, 198 L.Ed. 2d 290 (2017)(citing Bivens, 403 U.S. @397; Davis v. Passman, 442 U.S. 228, 99 S. Ct. 2264, 60 L. Ed. 2d 846 (1979); Carlson v. Green, 446 U.S. 14, 100 S. Ct. 1468, 64 L. Ed. 2d 15 (1980)).

## III. DISCUSSION

Plaintiff suffers from a serious medical need surrounding her diabetes; a disease her father died from at a young age, and which she should be treated with adequate care and medications. However, her medications were negligently withheld from her by nurse J. Frank starting on November 2, 2023 when he took Plaintiff off both her insulins as follows: (1) 5 units of NPH insulin twice a day, and (2) 3 units of regular insulin twice a day. Ever since this, her A1C has been dangerously high, now consistently above 7.0; whereas prior to him taking her off the insulin treatment, she was consistently 6.3 or below.

## IV. CONCLUSION

Plaintiff respectfully asks this Honorable Court to allow her Bivens claim to proceed, based upon the merits of medical negligence and the associated deliberate indifference of Defendant. Executed this 7th day of May, 2025, at Pekin FPC, Illinois.

*Elizabeth E. Olinger*
Elizabeth E. Olinger

13996-029
Elizabeth Olinger
PO BOX 5000
Federal Prison Camp Pekin
Pekin, IL 61555-5000
United States

CHAMPAIGN IL 618
10 MAY 2025 PM 5 L



13996-029
Us District Court
Central Dist of Illinois
600 E Monroe ST
Room 151
Springfield, IL 62701
United States

62701-166025